IN THE DISTRICT COURT OF THS VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| LYN FREDERICKS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 2010-45 |
| SUGAR BAY CLUB & RESORT, CORP., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter came before the Honorable Ruth Miller, United States Magistrate Judge, on September 29, 2010 for oral argument on plaintiff's motion to amend the complaint. Plaintiff was represented by J. Russel Pate, Esq. and defendant was represented by Micol Morgan, Esq.

Plaintiff seeks leave to amend the complaint to (1) name his supervisor Eldondane Francis ("Francis") as a defendant, and (2) to assert a variety of claims against Francis and the original defendant-employer, now correctly identified as WHM, St. Thomas, Inc. ("WHM"). WHM opposes the motion[1], primarily on the basis that the proposed amendments would be futile.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff alleges he was employed as a bellman by the defendant from December 13, 2005 until he was terminated on June 19, 2008. On May 14, 2010, plaintiff filed this action for wrongful discharge and employment discrimination against his employer, and on July 13, 2010, plaintiff moved to amend the complaint.

---

[1] WHM does not oppose the proposed amendment to the extent it corrects its corporate name.

Plaintiff initially filed his complaint *pro se*, and pled causes of action sounding in intentional infliction of emotional distress (Counts I and II), wrongful discharge under Virgin Islands law (Counts III and IV) and breach of contract (Count V). Additionally, plaintiff recited that in December 2008, he had filed an employment discrimination charge against his employer with the Virgin Islands Department of Labor, which plaintiff alleges "determined that there was probable cause to believe that plaintiff had been the victim of discrimination." (Complaint at ¶ 5, Docket No. 1.) Further, plaintiff alleged that he received a "Right to Sue" letter from the Equal Employment Opportunity Commission pursuant to Title VII, 42 U.S.C. Section 2000e, *et seq* in February 2010. (Complaint at ¶ 7.)

In the proposed First Amended Complaint, plaintiff alleges the following causes of action against WHM: intentional and negligent infliction of emotional distress (Count I); wrongful discharge (Count II); discrimination and retaliation under Title VII and the Civil Rights Act of 1991 (Counts III and IV); breach of duty of good faith and fair dealing (Count V); fraudulent concealment (Count VI); misrepresentation (Count VII), negligent hiring (Count VIII); negligent supervision (Count IX); negligence (Count X); and "punitive damages" (labeled "Count V" but presumably intended to have been Count XI). Plaintiff purports to assert each of these causes of action against Francis as well.[2]

---

[2] In his reply, plaintiff concedes that he does not state viable claims against Francis in Counts I, II, III, or against WHM in Count I. Accordingly, leave to amend to state those claims will be denied.

## II. LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15 (a). A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile." *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa., December 21, 2009) *(*citing *Foman v. Davis*, 371 U.S. 178 (1962))*.* "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." 213 F.3d at 115. Thus, " a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 193 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[W]here the well pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged - - - but it has not 'shown - - that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. Rule Civ. P. 8(a)(2)).

In addition, where a new party is sought to be added, the court must consider whether the amendment would "relate back" to the date of the original complaint, pursuant to Federal Rule of Civil Procedure 15(c)(1)(C). Rule 15(c)(1)(C) provides:

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted[3], if Rule 15(c)(1)(B)[4] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P 15(c)(1)(C).[5]

The Rule imposes three conditions that must be met successfully for a proposed amended complaint to relate back to the date of the filing of the original complaint. *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 194 (3d Cir. 2001). First, the proposed claim against the new party must have arisen from the same conduct, transactions or occurrence. *Id.* Second, 'the

---

[3] A complaint may be amended to add a new defendant and relate back to the date of the filing of the original complaint provided the requirements of Rule 15(c)(1)(C) are met. See *Lundy v. Adamar of New Jersey*, *Inc.,* 34 F. 3d 1173 (3d Cir. 1994).

[4] Federal Rules Civil Procedure 15(c)(1)(b) provides:

> An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading.

[5] The Federal Rules of Civil Procedure were restyled in 2007 and the sections and subsection designation of Rule 15 were changed. Former section 15(c)(3) is now Rule 15(c)(1)(C). The texts of former Rule 15(c)(3) and the current Rule 15(c)(1)(C) are virtually identical. Thus, in cases decided prior to 2007, reference will be made to Rule 15(c)(3).

newly named party must have received such notice of the institution of the action [within the 120 day period of Rule 4(m)] that the party will not be prejudiced in maintaining a defense on the merits." *Id.* Third, "the newly named party must have known, or should have known (again within 120 days) that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.*

Recently, the Supreme Court found in *Krupski v. Costa Crociere S.P. A.*, 506 U. S. ____ (June 7, 2010):

> When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.

Likewise, the Third Circuit has noted that "[w]here there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15 (c)(3) is not met." *Lundy v. Adamar of New Jersey*, *Inc.,* 34 F. 3d at 1183 (citations omitted).

### III. ANALYSIS

A.   Amending the Complaint to Add Eldondale Francis as a Defendant.

Plaintiff was terminated on June 19, 2008. Plaintiff filed this action on May 14, 2010. Plaintiff moved to amend the complaint to add Francis as a defendant on July 13, 2010. The statute of limitations on plaintiff's causes of action in Counts VI through X ran on or about June 19, 2010;[6]

---

[6] Title 5, Virgin Islands Code, § 31(5).

therefore, plaintiff's motion to amend was filed almost a month after the expiration of the statute of limitations on those claims. Thus, plaintiff's motion to add Francis as a defendant on those Counts may be granted only to the extent it meets the requirements of Rule 15(c)(1)(C).

Plaintiff alleges that Francis is liable to plaintiff for various wrongs committed against the plaintiff during his tenure of employment, which culminated with his termination on June 19, 2008. This is, without question, the same set of facts and occurrences set forth in plaintiff's original complaint. Accordingly, the first condition has been met.

Second, plaintiff must establish that Francis received notice of the plaintiff's action within 120 days of the filing of the complaint, and that Francis will not be prejudiced in maintaining a defense on the merits. The second condition has "two requirements, notice and the absence of prejudice, each of which must be satisfied." *Singletary, supra,* 266 F.3d at 194 (citing *Urrutia v. Harrisburg County Police Department*, 91 F.3d 451, 458 (3d Cir. 1996)). Accordingly, the question becomes: did Francis have notice of plaintiff's action within 120 days of May 14, 2010; that is, on or before September 11, 2010? The Court notes that plaintiff moved to amend the complaint to add Francis on July 13, 2010, before the expiration of the 120-day period. Nevertheless, there is nothing on the record before the Court to indicate that Francis had notice of the institution of plaintiff's action before September 11, 2010.

  Moreover, even if plaintiff could have established that Francis had notice of the action on or before September 11, 2010, the inquiry does not end there. Plaintiff would still have to also establish that Francis knew or should have known that, but for a mistake as to Francis' identity, plaintiff would have named Francis as a defendant in the original complaint. "Mistake" as contemplated by Rule 15(c), "must have occurred at the time the complaint was filed." *Arthur v. Maersk, Inc.,* 434 F.3d 196, 207, n. 13, (3d Cir. 2006). In *Arthur*, the Third Circuit observed that "[a] mistake is no less a "mistake" when it flows from lack of knowledge as opposed to inaccurate description" because "[b]oth errors [misnomer or misidentification and lack of knowledge] render the plaintiff unable to identify the potentially liable party and unable to name that party in the original complaint." *Id.* at 208. Accordingly, "[a]n amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the action but for a mistake – whether the mistake is based on lack of knowledge or mere misnomer." *Id*. at 209 (citing 3 James Wm. Moore, Moore's Federal Practice – Civil §15.19 (3d ed. 1997)).

  Here, plaintiff obviously knew of Francis' involvement in the alleged events at the time of the filing of the complaint because he referred to Francis by name in the complaint. Thus, plaintiff's failure to name Francis as a defendant in the original complaint did not stem from lack of knowledge of Francis or a mistake as to his identity. Furthermore, even if Francis had knowledge of plaintiff's action, the complaint would not have put Francis on notice that but for plaintiff's mistake, he would have been named as a defendant in the action. In the complaint, plaintiff alleges that Francis refused

"to put plaintiff on the work schedule even though the hotel was filled with guests," and that "[f]rom the inception of his employment he was subjected to disparate treatment, verbal abuse, intimidation an unprofessional conduct particularly by Eldondane Francis, one of defendant's managers." (Complaint ¶¶ 10 and 11, emphasis supplied.). Plaintiff did not refer to Francis elsewhere, nor did he seek relief from Francis in his prayer for relief. The Court concludes that plaintiff intended to sue his employer only, and these allegations would not have given Francis reason to know that, but for a mistake, plaintiff would have named him as a defendant in the action.

The Court finds that plaintiff has failed to establish that Francis had notice of the action on or before September 11, 2010, and that Francis knew or should have known that but for plaintiff's mistake he would have been named as a defendant in the action. Here, based on the allegations of the original complaint and plaintiff's conduct, the Court is compelled to conclude that plaintiff's failure to name Francis as a defendant was not the result of a mistake, but an informed choice of plaintiff not proceed against Francis. As a result, none of the claims in Counts VI through X against Francis would relate back to the date of filing, and pleading any cause of action already barred by the applicable statute of limitations would be futile. Thus, plaintiff cannot maintain Counts VI through X against Francis, as each of these counts is subject to a two-year limitations period.[7]

---

[7] In addition, Counts VIII and IX for Negligent Hiring and Negligent Supervision, respectively, may not be maintained against Francis for the additional reason that they are based on the hiring and supervision of Francis himself by WHM.

B.   Amending the Complaint to Assert Additional Causes of Action

1. Breach of Duty of Good Faith and Fair Dealing

To state a claim for breach of the implied duties of good faith and fair dealing, a party must allege that "a contract existed between the parties, . . . and in the performance or enforcement of that contract, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectation of the parties." *LLP Mortgage Ltd. v. Prosper*, 2008 U.S. Dist. LEXIS 102549, *6 (D.V.I. December 17, 2008) (citations omitted). Plaintiff alleges that "[t]he actions of defendant WHM St. Thomas, Inc., where [sic] in breach of their contractual obligations to the Plaintiff." (Amended Complaint ¶ 59). Although elsewhere in the proposed Amended Complaint plaintiff makes various allegations of fraudulent and deceitful conduct, apart from the statement in paragraph 59, plaintiff has not alleged that a contract existed between himself and either defendant from which the implied duty of good faith could arise, nor has he specified any of the terms of any alleged contract. Plaintiff will be permitted to amend this claim.

2. Misrepresentation and Fraudulent Concealment

Allegations of misrepresentation must be pled with specificity. *Pourzal v. Marriott International, Inc.*, 2006 U. S. Dist. LEXIS 60231, *12 (D.V.I., August 17, 2006) (citing Fed. R. Civ. P. 9(b) and *Lum Bank if Am.,* 361 F.3d 217, 225 (3d Cir. 2004)). Thus, "[a]llegations of misrepresentation must . . . . describe why or how the representations were false when they were made." *Pourzal*, 2006 U. S. Dist. LEXIS 60231 at *12 (citing *Charleswell v. Chase Manhattan Bank,*

*N. A.,* 308 F. Supp. 2d 545, 569-70 (D.V.I. 2004). Additionally, a complaint must describe the circumstance of the alleged fraud with "'precise allegations of date, time or place', or by using some means of 'injecting precision and some measure of substantiation into . . . [the] allegations of fraud.'" *Pourzal*, 2006 U.S. Dist. LEXIS 60231 at *12 (citations omitted). Further, to state a claim for fraud, or misrepresentation, a plaintiff must allege: "(1) that . . . [defendant] made a representation of material fact; (2) knowing the representation to be false when it was made; (3) with the intent that . . . [plaintiff] would act on the statement; and that (4) . . . [plaintiff] reasonably relied upon the statement; (5) to his detriment. *Id*. at *13 (citations omitted).

In the misrepresentation claim, plaintiff merely asserts that "[d]efendants used pre-texual [sic] complaints and disciplinary actions to misrepresent the underlying discrimination against plaintiff[,]" and that "[d]efendants knew their statements were false, not true and were likely to mislead the plaintiff, other employees, and the public." (Amended Complaint ¶¶ 66 and 67). Additionally, with regard to the fraudulent concealment claim, plaintiff asserts only that "[d]efendants used pre-texual [sic] complaints and disciplinary actions to fraudulently conceal the underlying discrimination against plaintiff[,]" and that "[d]efendants knew their statements were false, not true and were likely to mislead the plaintiff, other employees, and the public." (Amended Complaint ¶¶ 63 and 64). Plaintiff has failed to set forth allegations that sufficiently state a claim for either misrepresentation or fraud.

    3. <u>Negligent Hiring, Negligent Supervision and Negligence</u>

Plaintiff seeks to amend the complaint to assert claims for negligent hiring, negligent supervision and negligence. Defendant WHM contends that these claims accrued on June 19, 2008,

when plaintiff was terminated, and that plaintiff moved to amend the complaint on July 13, 2010, outside the statute of limitations period on these claims. Defendant further contends that plaintiff is seeking to add "new causes of action constituting new theories of relief" based upon facts that plaintiff "could have discovered" at the time the original pleading, and, as such, these claims do not relate back to the date of the original complaint.

As previously discussed in section II, *supra,* Rule 15 (c)(1)(B) of the Federal Rules of Civil Procedure provides that an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, all of the newly asserted claims arise out of the same series of discriminatory acts described in the original complaint against WHM. Thus, under Rule 15(c)(1)(B) these new claims as against WHM would relate back to the date that the original complaint was filed. These amendments will be permitted.

    4. <u>The Title VII Claim Against WHM</u>[8].

WHM contends that in neither the original complaint nor in the proposed amended complaint does plaintiff properly allege the elements of a cause of action against WHM for discrimination under Title VII. WHM is correct that plaintiff has failed to allege his own membership in a specific protected class, and that others who received more favorable treatment were non-members of such

---

[8] Defendant does not challenge the amendment with respect to Count IV for discrimination under the Civil Rights Act of 1991. The motion will therefore be granted as to that Count.

a class. *See, e.g., Goosby v. Johnson & Johnson Medical, Inc.,* 228 F.3d 313, 318-19 (3d Cir. 2000)(citing *McDonnell Douglas Corp. v. Green*, 411, U.S. 792)(1973)). Plaintiff counters with the argument that WHM already knows of which protected class plaintiff is a member, and requests the opportunity to replead this cause of action. He will be afforded that opportunity.

    5. Changing the Name of Sugar Bay Club & Resort, Inc.

Finally, plaintiff seeks to correct defendant's name from Sugar Bay Club & Resort, Corporation to WHM St. Thomas, Inc. d/b/a Sugar Bay Club & Resort, Corporation. This will be permitted.

IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion to amend the complaint is DENIED in part, and GRANTED in part as follows:

    1. Plaintiff's motion to amend the complaint to state claims against Eldondane Francis and WHM for intentional and negligent infliction of emotional distress in Count I is DENIED as moot.

    2. Plaintiffs motion to assert a claim for wrongful discharge in Count II as against Eldondane Francis is DENIED as moot.

    3. Plaintiff's motion to amend the complaint to state a claim in Count III for discrimination under Title VII is DENIED as moot as against Eldondane Francis, and DENIED without prejudice as to WHM.

      4. Plaintiff's motion to assert claims against both defendants in Count IV for violation of the Civil Rights Act of 1991 is GRANTED.

      5. Plaintiff's motion to assert a claim in Count V for breach of duty of good faith and fair dealing as to both defendants is DENIED without prejudice.

      6. Plaintiff's motion to assert claims in Counts VI and VII for misrepresentation and fraudulent concealment is DENIED as to Eldondane Francis, and DENIED without prejudice as to WHM.

      7. Plaintiff's motion to assert claims in Counts VIII through X against Eldondane Francis for negligent supervision, negligent hiring and negligence is DENIED, and GRANTED as to WHM.

      8. Plaintiff's motion to assert a claim for punitive damages in "Count V" (presumably intended to have been Count XI) is GRANTED.

      9. Plaintiff's motion to change defendant's name from Sugar Bay Club & Resort, Corporation to WHM St. Thomas, Inc. is GRANTED.

      10. Plaintiff shall file his amended complaint in on or before November 15, 2010.

DATED: November 8, 2010              S\_____
                                                              RUTH MILLER
                                                              United States Magistrate Judge