IN THE DISTRICT COURT OF THS VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LYN FREDERICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 2010-45 |
| ) | |
| WHM ST. THOMAS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

ORDER

This matter is before the Court on defendant's Motion for Clarification and Reconsideration of the Court's November 8, 2010 Memorandum and Order.  Defendant seeks reconsideration of the Court's ruling as to Count IV of the proposed amended complaint, and for clarification of its ruling as to Count V regarding plaintiff's claim for breach of good faith and fair dealing, Count III regarding plaintiff's Title VII claim and plaintiff's request to change defendant's corporate name.  To address defendant's concerns, the Court will modify its November 8, 2010 Memorandum and Order as set forth below.

First, defendant contends that Count IV of plaintiff's proposed amended complaint does not allege a substantive claim for discrimination under the Civil Rights Act of 1991, but rather seeks only to recover attorney's fees and punitive damages under the Act.  As such, without a viable claim under Title VII against the individual defendant Eldondane Francis, defendant argues that plaintiff cannot maintain a request for relief against Francis in Count IV.  The Court agrees with defendant's characterization  of plaintiff's request in Count IV.  This issue is now moot, however, because plaintiff, as demonstrated in his Amended Complaint filed on November 11, 2010, no longer is pursuing any claim against Francis.  Likewise, as plaintiff there restates his Title VII claim against

*Fredericks v. WHM St. Thomas, Inc.*
Civil No. 2010-45
Order
Page 2 of 5

WHM, he thus alleges an underlying basis for the claim pursuant to the Civil Rights Act of 1991.[1] Therefore, the perceived problem with this claim "standing alone" has been corrected.

Additionally, defendant contends that the Court's Memorandum regarding plaintiff's Title VII claim contains inconsistent statements. Defendant contends that the Court acknowledged that plaintiff's proposed amended complaint was deficient and denied leave to amend without prejudice, but also states that plaintiff would be afforded an opportunity to replead this cause of action. The Court acknowledges that these statements may appear to be inconsistent.

Third, defendant contends that the Court's Memorandum regarding plaintiff's claim for breach of good faith and fair dealing contains what appear to be inconsistent statements. Defendant points out that the Court noted that the plaintiff "has not alleged that a contract existed between himself and either defendant from which an implied duty of good faith could arise." Thereafter, the Court denied without prejudice the request for leave to amend to add this claim. But, as defendant further points out, the Court also stated that "[p]laintiff will be permitted to amend this claim." The Court acknowledges that these statements may appear to be inconsistent but, once again, this issue is now moot, as plaintiff's Amended Complaint filed on November 11, 2010 omits any claim for breach of duty of good faith and fair dealing.

---

[1] In so stating, this Court takes no position as to whether in the plaintiff's restated Title VII claim plaintiff has now pled a cause of action sufficient to withstand a dispositive motion. That determination must await motion practice in that regard.

*Fredericks v. WHM St. Thomas, Inc.*
Civil No. 2010-45
Order
Page 3 of 5

      Finally, defendant contends that the Memorandum is unclear as to which corporate name the Court has permitted in granting plaintiff's motion to change the defendant's corporate name. Although the Court acknowledges that the Memorandum may not have been clear in this regard, once again, plaintiff appears to have corrected this alleged problem in his Amended Complaint dated November 11, 2010, as defendant is designated therein by the name defendant contends is the proper one.

      In light of the foregoing, the Court's Memorandum and Order dated November 8, 2010 is amended as follows:

      1. Page 2, the second paragraph is revised to read as follows: In the proposed First Amended Complaint, plaintiff alleges the following causes of action against WHM: intentional and negligent infliction of emotional distress (Count I); wrongful discharge (Count II); discrimination and retaliation under Title VII (Counts III); attorney's fees and punitive damages under the Civil Rights Act of 1991 (Count IV); breach of duty of good faith and fair dealing (Count V); fraudulent concealment (Count VI); misrepresentation (Count VII), negligent hiring (Count VIII); negligent supervision (Count IX); negligence (Count X); and "punitive damages" (labeled "Count V" but presumably intended to have been Count XI). Plaintiff purports to assert each of these causes of action against Francis as well.

      2. Page 9, first paragraph, the last sentence is revised to read as follows: Accordingly, plaintiff's motion to amend the complaint to assert a cause of action for breach of duty of good faith and fair dealing will be denied without prejudice.

*Fredericks v. WHM St. Thomas, Inc.*
Civil No. 2010-45
Order
Page 4 of 5

3. Page 11, footnote 8 is revised to read as follows: Defendant does not challenge the amendment with respect to Count IV. The motion will therefore be granted as to that Count.

4. Page 12, line four, last sentence is revised to read as follows: Accordingly, plaintiff's motion to amend the complaint to state a cause of action under Title VII will be denied without prejudice, and plaintiff will be allowed to replead this cause of action.

5. Page 12, item 5 is revised to read as follows: Finally, plaintiff seeks to change defendant's name from Sugar Bay Club & Resort, Corporation to WHM St. Thomas, Inc. d/b/a Sugar Bay Club & Resort, d/b/a Wyndam Resorts. However, defendant notes that its correct corporate name is WHM St. Thomas, Inc. Accordingly, the Court will permit the amendment to the extent that plaintiff changes the defendant's corporate name to WHM St. Thomas, Inc.

6. Page 13, item 4 is revised to read as follows: Plaintiff's motion to assert a claim against WHM in Count IV for punitive damages and attorney's fees under the Civil Rights Act of 1991 is GRANTED to the extent plaintiff properly amends his Title VII claim.

7. Page 13, item 9 is revised to read as follows: Plaintiff's motion to change defendant's corporate name from Sugar Bay Club & Resort, Corporation d/b/a Wyndam Resorts is GRANTED to the extent plaintiff changes defendant's corporate name to WHM St. Thomas, Inc.

Finally, the Court is cognizant of the fact that it might have required plaintiff to take the additional step to again move for leave to amend once the initial denials without prejudice had been made with respect to several of the counts. The Court observed, however, that plaintiff had in fact asked for that leave in responding to defendant's opposition. And, despite the myriad concerns

*Fredericks v. WHM St. Thomas, Inc.*
Civil No. 2010-45
Order
Page 5 of 5

defendant raises with respect to what the Court meant in the Memorandum, it is apparent that plaintiff understood the order, as the issues raised in defendant's instant motion, and in its opposition to the motion to amend, are addressed in the Amended Complaint. Therefore, to avoid elevating form over substance, and in the interest of judicial economy, plaintiff's Amended Complaint filed on November 11, 2010 will be allowed, and that complaint shall hereafter be referred to in this case as plaintiff's "Second Amended Complaint."

DATED: November 18, 2010            S_____
                                    RUTH MILLER
                                    United States Magistrate Judge